UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Case No: 5:19-cr-67-Oc-27PRL

STACEY LAVETTE HENDRICKS
_____ /

**ORDER**

**BEFORE THE COURT** is correspondence from Defendant Hendricks (Dkt. 54), which is construed as a motion seeking compassionate release. A response is unnecessary. The motion is **DENIED**.

Hendricks stands convicted of wire fraud (Count One) and aggravated identity theft (Count Sixteen). (Dkt. 52 at 1). She was sentenced to 24 months imprisonment on Count One and a consecutive term of 24 months on Count Sixteen, followed by three years of supervised release. (Id. at 2-3). She now seeks a sentence reduction, asserting that "compassionate release will provider [her] with a less of a chance of being exposed to COVID." (Dkt. 54 at 1). She further asserts that her "medical risk factors" include "moderate to severe asthma" and "obesity," and that these medical conditions "increase[] the chances of [her] having a poor outcome if [she] is infected with the COVID-19 virus." (Id.). Last, she asserts that she is "the primary care giver to [her] 11yr old granddaughter," and that since her incarceration, her granddaughter "has been experiencing anxiety and emotional issues." (Id. at 1-2). Her contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available

to her following the failure of the Bureau of Prisons (BOP) to bring a motion on her behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Hendricks does not assert or provide documentation reflecting that she has exhausted all available administrative remedies in the BOP, and the exhaustion requirement cannot be waived. *See, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Even if she had exhausted her administrative remedies, she has not shown extraordinary and compelling reasons warranting a modification of her sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Hendricks fall within these circumstances. First, although she asserts that she suffers from obesity and asthma (Dkt. 54 at 1), she does not provide documentation demonstrating that she suffers from a terminal illness or that her medical conditions substantially diminish his ability to provide self-care.[1] *See* U.S.S.G. § 1B1.13, cmt. n.1. Second,

---

[1] *See, e.g.*, *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

she is 50 years old and does not qualify under the age-based criteria. Third, she has not presented family circumstances to justify compassionate release under § 1B1.13, cmt. n.1(C). The Sentencing Commission's application notes provide that "extraordinary and compelling reasons" for a sentence reduction exist due to "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C). Notwithstanding her assertions, Hendricks has failed to demonstrate that either of these criteria are satisfied. Last, as for her contentions that "there has been 3 outbreaks of the COVID-19 virus" and that "compassionate release will provide [her] with less of a chance of being exposed to COVID" (Dkt. 54 at 1), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

In sum, because Hendricks has not shown that she has exhausted the administrative remedies available to her, this Court is therefore without authority to consider the merits of her release request. Moreover, her reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent

with the policy statement in § 1B1.13. Accordingly, absent extraordinary and compelling reasons, relief cannot be granted, and the motion is **DENIED**.[2]

      **DONE AND ORDERED** this 28th day of December, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Hendricks' release. Those factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, Hendricks' criminal history is extensive. *See* (Dkt. 41 at ¶¶ 50-62). When she was sentenced in this case, she was 50 years old, had several fraud-related convictions, and was in a criminal history category three. Reducing her sentence, therefore, would not reflect the seriousness of her offense, promote respect for the law, provide just punishment for her past behaviors, or adequately deter criminal conduct in the future.